```
                UNITED STATES DISTRICT COURT
                           FOR THE
                    DISTRICT OF VERMONT
```

Alkarim Pirbhai Lakhani,    :
                            :
    Petitioner,          :
                            :
    v.                   :     Case No. 2:12-CV-95
                            :
U.S. Citizenship and        :
Immigration Services,       :
Vermont Service Center,     :
                            :
    Respondent.          :

## OPINION AND ORDER
(Doc. 5)

Alkarim Pirbhai Lakhani, proceeding *pro se*, has petitioned the Court pursuant to the Administrative Procedures Act, 5 U.S.C. §§ 701 *et seq.* ("APA"), to compel the United States Citizenship and Immigration Service ("USCIS") to take action on a motion that is allegedly pending before it.  This same issue was litigated in a previous case brought by Lakhani in this Court, and was dismissed on the basis of an affidavit from USCIS stating that no such motion is pending.  The government reports that nothing has changed since that time, and again moves to dismiss.  The motion is unopposed.  For the reasons set forth below, the government's motion to dismiss (Doc. 5) is GRANTED and this case is DISMISSED.

Factual Background

In December 2011, Lakhani filed a petition in which he alleged that a "Motion to Reopen" was pending with the USCIS, but that a decision had not been rendered "within the time frame required." *Lakhani v. USCIS*, Case No. 2:11-CV-00307 (Doc. 4 at 1.) The government moved to dismiss on a number of grounds, including improper venue. While the government's motion was pending, Lakhani filed a motion to amend requesting that the Court allow him to bring his claim under the APA in order to "compel USCIS to adjudicate his motion to reopen." *Id.* (Doc. 7 at 6.) The government opposed the motion to amend on the ground that the USCIS had not received any such motion. The government's motion was supported by an affidavit from USCIS staff. *Id.* (Doc. 8-1 at 1.) In his reply memorandum, Lakhani did not counter the assertions set forth in the USCIS affidavit, and specifically, offered no evidence that he had filed a motion to reopen.

On July 30, 2012, the Court dismissed Lakhani's petition for lack of subject matter jurisdiction, explaining that "with no record of a pending naturalization or adjustment application, the Court finds that there is no

basis for jurisdiction under 8 U.S.C. § 1447(b)." *Id.* (Doc. 11 at 5.)  The Court also noted that "to the extent that Lakhani's motion to amend seeks to add a claim under the Administrative Procedures Act, the Court finds that without a pending application to review, the requirements of the APA do not apply."  *Id.* (Doc. 11 at 5 n.1.)

Lakhani's current petition, docketed on May 9, 2012 (while his first petition was still pending in this Court), again requests that the Court take jurisdiction pursuant to the APA and compel the USCIS to adjudicate his "Motion to Reopen."  (Doc. 4 at 1.)  Lakhani also asserts constitutional claims, alleging that by failing to rule on the "Motion to Reopen," the USCIS has violated his Fifth Amendment rights to procedural and substantive due process, and his Fourteenth Amendment right to equal protection.

The government reports that "nothing has changed since this Court's July 30, 2012 Opinion and Order, which dismissed Lakhani's previous petition and denied Lakhani's motion to amend."  (Doc. 5 at 1.)  Accordingly, the government has filed a motion to dismiss.  The government also notes that Lakhani was removed to Pakistan on May 8, 2012.  Lakhani has acknowledged his removal, but informs the

Court that he nonetheless wishes to proceed with this action.  (Doc. 2 at 1.)

## Discussion

The government moves to dismiss the petition for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), and for failure to state a claim under Fed. R. Civ. P. 12(b)(6).  A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) "when the district court lacks the statutory or constitutional power to adjudicate it."  *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).  A petitioner asserting subject matter jurisdiction has the burden of proving that such jurisdiction exists by a preponderance of the evidence.  *Id.* at 113.  Furthermore, because jurisdiction must be shown affirmatively, courts do not draw inferences from the pleadings in favor of the petitioner.  *See Morrison v. Nat'l Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008).  In reviewing subject matter jurisdiction, the Court may look to matters beyond the pleadings.  *J.S. ex rel. N.S. v. Attica Cent. Sch.*, 386 F.3d 107, 110 (2d Cir. 2004).

Lakhani asserts that jurisdiction is proper under the APA in conjunction with 28 U.S.C. § 1331.  Section 1331

confers jurisdiction on the district courts over actions "arising under" federal law. 28 U.S.C. § 1331. Accordingly, the authority to hear a case must "arise[] under" a "right of action" created by the APA. *See* 28 U.S.C. § 1331; *Bowen v. Massachusetts*, 487 U.S. 879, 891 n.16 (1988).[1]

Here, as in his previous case, Lakhani submits that the Court has jurisdiction to compel action under the APA. The Court presumes that Lakhani is relying on 5 U.S.C. § 555(b), which states: "With due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it."[2] The problem here, however, is

---

[1] Federal question jurisdiction has also ben held to exist where: "(1) the claim turns on an interpretation of the laws or Constitution of the United States and (2) the claim is not 'patently without merit.'" *Kim v. Ashcroft*, 340 F. Supp. 2d 384, 388 (S.D.N.Y. 2004) (citing *Batista v. I.N.S.*, 2000 WL 204535, at *3 (S.D.N.Y. Feb. 22, 2000)); *see also Bell v. Hood*, 327 U.S. 678, 683-85 (1946). "The test for determining whether a claim is 'patently without merit' is 'whether the right claimed is so insubstantial, implausible, foreclosed by prior decisions of [the Supreme] Court, or otherwise completely devoid of merit as not to involve a federal controversy." *Bartolini v. Ashcroft*, 226 F. Supp. 2d 350, 354 (D. Conn. 2002) (alteration in original) (quoting *N.Y. Dist. Attorney Investigators Police Benevolent Ass'n v. Richards*, 711 F.2d 8, 10 (2d Cir. 1983)).

[2] Lakhani may also be asserting his rights under 8 U.S.C. § 1447(b), which states that if the USCIS fails to make a determination within 120 days, the applicant may petition a federal district court "for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter." 8

5

that according to the USCIS, no "matter" has been "presented to it." 5 U.S.C. § 555(b). Thus, even accepting as true Lakhani's allegation of unlawful delay, there is no "matter" upon which the Court could command action. *Id.*

Lakhani claims that he mailed his "Motion to Reopen" via certified mail on July 23, 2011, and has attached to his petition a certified mail receipt addressed to the USCIS and stamped as received on August 9, 2011. (Doc. 4-3 at 2.) He has not provided a copy of the alleged motion. The USCIS has submitted a sworn statement averring that as of April 4, 2012, Lakhani had no pending motion to reopen, and no pending applications for either naturalization or adjustment of his status. *Lakhani*, Case No. 2:11-cv-307 (Doc. 8-1 at 1.) As the Court concluded previously, "without a pending application to review, the requirements of the APA do not apply." *Id.* (Doc. 11 at 5 n.1). Similarly, there is no basis upon which the Court could find a constitutional violation. Accordingly, there is no basis for asserting jurisdiction.

It is Lakhani's burden to show subject matter

---

U.S.C. § 1447(b). The Second Circuit has noted that relief under § 1447(b) is only available when the executive branch fails to make a determination on a naturalization application. *See Ajlani v. Chertoff*, 545 F.3d 229, 240 (2d Cir. 2008).

jurisdiction, and he has failed to do so.  *See Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005). "When a federal court concludes that it lacks subject matter jurisdiction, the court must dismiss the complaint entirely."  *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). This case is therefore DISMISSED without prejudice for lack of subject matter jurisdiction.

    Dated at Burlington, in the District of Vermont, this 23rd day of July, 2013.

                              /s/ William K. Sessions III  
                              William K. Sessions III  
                              Judge, United States District Court