UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Alkarim Pirbhai Lakhani,     :
                             :
        Petitioner,          :
                             :
        v.                   :     Case No. 2:12-CV-95
                             :
U.S. Citizenship and         :
Immigration Services,        :
Vermont Service Center,      :
                             :
        Respondent.          :

OPINION AND ORDER
(Doc. 5)

Alkarim Pirbhai Lakhani, proceeding *pro se*, has

petitioned the Court pursuant to the Administrative

Procedures Act, 5 U.S.C. §§ 701 *et seq.* ("APA"), to compel

the United States Citizenship and Immigration Service

("USCIS") to take action on a motion that is allegedly

pending before it.  This same issue was litigated in a

previous case brought by Lakhani in this Court, and was

dismissed on the basis of an affidavit from USCIS stating

that no such motion is pending.  The government reports that

nothing has changed since that time, and again moves to

dismiss.  The motion is unopposed.  For the reasons set

forth below, the government's motion to dismiss (Doc. 5) is

GRANTED and this case is DISMISSED.

Factual Background

In December 2011, Lakhani filed a petition in which he alleged that a "Motion to Reopen" was pending with the USCIS, but that a decision had not been rendered "within the time frame required." *Lakhani v. USCIS*, Case No. 2:11-CV-00307 (Doc. 4 at 1.)  The government moved to dismiss on a number of grounds, including improper venue. While the government's motion was pending, Lakhani filed a motion to amend requesting that the Court allow him to bring his claim under the APA in order to "compel USCIS to adjudicate his motion to reopen." *Id.* (Doc. 7 at 6.)  The government opposed the motion to amend on the ground that the USCIS had not received any such motion.  The government's motion was supported by an affidavit from USCIS staff. *Id.* (Doc. 8-1 at 1.)  In his reply memorandum, Lakhani did not counter the assertions set forth in the USCIS affidavit, and specifically, offered no evidence that he had filed a motion to reopen.

On July 30, 2012, the Court dismissed Lakhani's petition for lack of subject matter jurisdiction, explaining that "with no record of a pending naturalization or adjustment application, the Court finds that there is no

2

basis for jurisdiction under 8 U.S.C. § 1447(b)."  *Id.* (Doc.
11 at 5.)  The Court also noted that "to the extent that
Lakhani's motion to amend seeks to add a claim under the
Administrative Procedures Act, the Court finds that without
a pending application to review, the requirements of the APA
do not apply."  *Id.* (Doc. 11 at 5 n.1.)

Lakhani's current petition, docketed on May 9, 2012
(while his first petition was still pending in this Court),
again requests that the Court take jurisdiction pursuant to
the APA and compel the USCIS to adjudicate his "Motion to
Reopen."  (Doc. 4 at 1.)  Lakhani also asserts
constitutional claims, alleging that by failing to rule on
the "Motion to Reopen," the USCIS has violated his Fifth
Amendment rights to procedural and substantive due process,
and his Fourteenth Amendment right to equal protection.

The government reports that "nothing has changed since
this Court's July 30, 2012 Opinion and Order, which
dismissed Lakhani's previous petition and denied Lakhani's
motion to amend."  (Doc. 5 at 1.)  Accordingly, the
government has filed a motion to dismiss.  The government
also notes that Lakhani was removed to Pakistan on May 8,
2012.  Lakhani has acknowledged his removal, but informs the

Court that he nonetheless wishes to proceed with this
action.  (Doc. 2 at 1.)

## Discussion

    The government moves to dismiss the petition for lack
of subject matter jurisdiction under Fed. R. Civ. P.
12(b)(1), and for failure to state a claim under Fed. R.
Civ. P. 12(b)(6).  A case is properly dismissed for lack of
subject matter jurisdiction under Rule 12(b)(1) "when the
district court lacks the statutory or constitutional power
to adjudicate it."  *Makarova v. United States*, 201 F.3d 110,
113 (2d Cir. 2000).  A petitioner asserting subject matter
jurisdiction has the burden of proving that such
jurisdiction exists by a preponderance of the evidence.  *Id.*
at 113.  Furthermore, because jurisdiction must be shown
affirmatively, courts do not draw inferences from the
pleadings in favor of the petitioner.  *See Morrison v. Nat'l
Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008).  In
reviewing subject matter jurisdiction, the Court may look to
matters beyond the pleadings.  *J.S. ex rel. N.S. v. Attica
Cent. Sch.*, 386 F.3d 107, 110 (2d Cir. 2004).

    Lakhani asserts that jurisdiction is proper under the
APA in conjunction with 28 U.S.C. § 1331.  Section 1331

confers jurisdiction on the district courts over actions

"arising under" federal law.  28 U.S.C. § 1331.

Accordingly, the authority to hear a case must "arise[]

under" a "right of action" created by the APA.  *See* 28

U.S.C. § 1331; *Bowen v. Massachusetts*, 487 U.S. 879, 891

n.16 (1988).[1]

Here, as in his previous case, Lakhani submits that the

Court has jurisdiction to compel action under the APA.  The

Court presumes that Lakhani is relying on 5 U.S.C. § 555(b),

which states: "With due regard for the convenience and

necessity of the parties or their representatives and within

a reasonable time, each agency shall proceed to conclude a

matter presented to it."[2]  The problem here, however, is

---

[1] Federal question jurisdiction has also ben held to exist where:
"(1) the claim turns on an interpretation of the laws or Constitution
of the United States and (2) the claim is not 'patently without
merit.'"  *Kim v. Ashcroft*, 340 F. Supp. 2d 384, 388 (S.D.N.Y. 2004)
(citing *Batista v. I.N.S.*, 2000 WL 204535, at *3 (S.D.N.Y. Feb. 22,
2000)); *see also Bell v. Hood*, 327 U.S. 678, 683-85 (1946).  "The test
for determining whether a claim is 'patently without merit' is
'whether the right claimed is so insubstantial, implausible,
foreclosed by prior decisions of [the Supreme] Court, or otherwise
completely devoid of merit as not to involve a federal controversy."
*Bartolini v. Ashcroft*, 226 F. Supp. 2d 350, 354 (D. Conn. 2002)
(alteration in original) (quoting *N.Y. Dist. Attorney Investigators
Police Benevolent Ass'n v. Richards*, 711 F.2d 8, 10 (2d Cir. 1983)).

[2] Lakhani may also be asserting his rights under 8 U.S.C. §
1447(b), which states that if the USCIS fails to make a determination
within 120 days, the applicant may petition a federal district court
"for a hearing on the matter.  Such court has jurisdiction over the
matter and may either determine the matter or remand the matter, with
appropriate instructions, to the Service to determine the matter."  8

that according to the USCIS, no "matter" has been "presented
to it."  5 U.S.C. § 555(b).  Thus, even accepting as true
Lakhani's allegation of unlawful delay, there is no "matter"
upon which the Court could command action.  *Id.*

   Lakhani claims that he mailed his "Motion to Reopen"
via certified mail on July 23, 2011, and has attached to his
petition a certified mail receipt addressed to the USCIS and
stamped as received on August 9, 2011.  (Doc. 4-3 at 2.)  He
has not provided a copy of the alleged motion.  The USCIS
has submitted a sworn statement averring that as of April 4,
2012, Lakhani had no pending motion to reopen, and no
pending applications for either naturalization or adjustment
of his status.  *Lakhani*, Case No. 2:11-cv-307 (Doc. 8-1 at
1.)  As the Court concluded previously, "without a pending
application to review, the requirements of the APA do not
apply."  *Id.* (Doc. 11 at 5 n.1).  Similarly, there is no
basis upon which the Court could find a constitutional
violation.  Accordingly, there is no basis for asserting
jurisdiction.

   It is Lakhani's burden to show subject matter

---

U.S.C. § 1447(b).  The Second Circuit has noted that relief under §
1447(b) is only available when the executive branch fails to make a
determination on a naturalization application.  *See Ajlani v.
Chertoff*, 545 F.3d 229, 240 (2d Cir. 2008).

jurisdiction, and he has failed to do so.  *See Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005). "When a federal court concludes that it lacks subject matter jurisdiction, the court must dismiss the complaint entirely."  *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). This case is therefore DISMISSED without prejudice for lack of subject matter jurisdiction.

Dated at Burlington, in the District of Vermont, this 23rd day of July, 2013.

/s/ William K. Sessions III
William K. Sessions III
Judge, United States District Court